IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 21-CR-00144-GKF |
| ANDREW GIBBS, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the court on the Motion To Contact Juror [Doc. 86] of defendant Andrew Gibbs. For the reasons set forth below, the motion is denied.

**I.     Background/Procedural History**

On April 6, 2021, a grand jury returned an Indictment charging Gibbs with three counts of Aggravated Sexual Abuse of a Minor in Indian Country in violation 18 U.S.C. §§ 1151, 1153, and 2241(c). [Doc. 19]. Counts One and Two charged that Gibbs engaged or attempted to engage in sexual acts with minor child C.U. Count Three charged that Gibbs engaged or attempted to engage in a sexual act with minor child A.U. [*Id.*].

Gibbs was tried October 26, 2021 through October 28, 2021. [Doc. 82]. During trial, the government requested dismissal of Count One, which the court granted. [*Id.* at p. 2]. The government also asked that the court include a lesser included offense instruction as to Count II, to which defendant did not object. [*Id.*]. No request was made for a lesser included offense instruction by either party as to Count Three. [*Id.*].

On October 28, 2021, a jury found Gibbs not guilty of Count Two, Aggravated Sexual Abuse of Minor C.U., but guilty of the lesser-included offense of Abusive Sexual Contact of Minor C.U. [Doc. 85]. The jury also found Gibbs guilty of Count Three, Aggravated Sexual Abuse of Minor A.U. [*Id.*].

On October 29, 2021, one of the jurors mailed the undersigned a letter and sent a copy of same to defense counsel John Calhoun.  In the letter, the juror states, in part: "The first count was dismissed, and Mr. Gibbs was found guilty on the lesser charges included in counts two and three.  So the government basically failed to get a conviction on anything other than what the Defendant acknowledged." [Doc. 86-1].

Mr. Calhoun now seeks permission pursuant to Federal Rule of Evidence 606(b)(C) to "speak with [the juror] only to clarify the verdict's accuracy in capturing what the actual verdict the jurors agreed upon." [Doc. 86, p. 2].  Specifically, defense counsel argues that the letter indicates that the jury intended to convict Gibbs of two counts of the lesser-included charge of Abusive Sexual Contact of a Minor.  [*Id.*].  The court directed that a copy of the letter be provided to the government.  [Doc. 87].

**II.    Analysis**

Federal Rule of Evidence 606 sets forth the general rule that, "[d]uring an inquiry into the validity of a verdict or indictment, a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment."  However, the Rule provides three exceptions pursuant to which "[a] juror may testify about whether:  [1] extraneous prejudicial information was improperly brought to the jury's attention; [2] an outside influence was improperly brought to bear on any juror; or [3] a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2).  The Rule "promotes full and vigorous discussion by providing jurors with considerable assurance that after being discharged they will not be summoned to recount their deliberations, and they will not otherwise be harassed or annoyed by litigants seeking to challenge the verdict.  The rule gives stability and finality to verdicts." *Pena-Rodriguez v. Colorado,* 137 S. Ct. 855, 865 (2017).  Thus, the court must "adhere to the Rule as it is written." *United States v. Henderson,* 564

F. App'x 352, 368 (10th Cir. 2014) (citing *United States v. Benally*, 546 F.3d 1230, 1239 (10th Cir. 2008)).

Defense counsel argues that the juror's letter falls within the scope of Federal Rule of Evidence 606(b)(2)(C)—that is, it demonstrates a mistake was made in entering the verdict on the verdict form. However, that exception is limited to clerical errors. *See* Fed. R. Evid. 606, comm. notes on 2006 amends. ("Rule 606(b) has been amended to provide that juror testimony may be used to prove that the verdict reported was the result of a mistake in entering the verdict on the verdict form. The amendment responds to a divergence between the text of the Rule and the case law that has established an exception for proof of clerical errors."); *United States v. Odunze*, 278 F. App'x 567, 573 (6th Cir. 2008).

Further, federal courts have consistently held that "testimony of jurors is incompetent to impeach a verdict based on misinterpretation of the court's instructions." *Gale v. City of Tecumseh*, 156 F. App'x 801, 811 (6th Cir. 2005); *see also United States v. Espinoza,* 338 F.3d 1140, 1149 (10th Cir. 2003) ("Courts are not to examine the jury's internal deliberations for the purpose of questioning its verdict."); *United States v. D'Angelo,* 598 F.2d 1002, 1005 (5th Cir. 1979) ("The necessary consequence of the rule against examination of the jury's mental process is that convictions must stand despite the presence of plausible suspicion that the jury's mental process was ill-conceived."); *United States v. Ewing,* 749 F. App'x 317, 322 (6th Cir. 2018) ("A juror's statement suggesting that the jury misunderstood or misapplied instructions or the law is also typically considered internal and therefore subject to Rule 606(b)'s bar."); *Odunze,* 278 F. App'x at 572-74 (Rule 606(b) did not permit juror inquiry when statements by jurors indicated that the juror had improperly shifted the burden to defendant).

The Sixth Circuit panel decision in *Gale* is instructive. There, after a jury returned a verdict in favor of defendants and against the plaintiffs, defense counsel received an anonymous letter, purporting to be from a juror, stating that defendants won their case "due to legal language and a slick lawyer."

3

*Gale,* 156 F. App'x at 804. Plaintiffs argued that "the reference to 'legal language' implied that the jury was confused by the district court's jury instructions." *Id.* Plaintiffs moved for a new trial based on the anonymous letter, but the court denied the motion, reasoning as follows:

> Juror confusion as to the meaning of jury instructions clearly does not fall within the exceptions for "extraneous prejudicial information" or "outside influence." Rule 606(b) contemplates only external interactions with the jury that may have tainted the deliberation process, and it "explicitly disqualifies juror testimony regarding jurors' mental processes in connection with deliberations." *United States v. Gonzales*, 227 F.3d 520, 525 (6th Cir. 2000). In this case, even if jurors were confused by the district court's instructions, that confusion does not constitute an outside influence; rather, it involves the mental processes of the jurors. It is, therefore, squarely outside the purview of Rule 606(b).

*Id.* at 811.

The juror's October 29 letter in this case implicates the jury's internal deliberation process—specifically, whether the jury properly applied the court's instructions and intended to convict Mr. Gibbs of Aggravated Sexual Abuse of Minor A.U. in Count Three or a lesser-included offense of Abusive Sexual Contact of Minor.[1] Thus, Rule 606(b) precludes inquiry and defendant's motion must be denied.

### III. Conclusion

WHEREFORE, Motion To Contact Juror [Doc. 86] of defendant Andrew Gibbs is denied.

IT IS SO ORDERED this 8th day of November, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that Count Three did not include a lesser-included offense, and that Gibbs did not request a lesser included offense instruction. *See United States v. Waugh*, 950 F.3d 665, 667 (10th Cir. 2019) (emphasis added) ("To warrant an instruction on a lesser included offense, the defendant must establish: (1) *he properly requested the instruction*; (2) the elements of the lesser offense are included in the elements of the greater offense; (3) the element differentiating the two offenses is in dispute; and (4) the jury is able to rationally acquit the defendant of the greater offense and convict on the lesser offense.")